**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5067**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MONTI N. BELLAMY,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:11-cr-00271-RBH-1)

_____

Submitted:  April 20, 2012              Decided:  May 10, 2012

_____

Before KING, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monti N. Bellamy appeals his 180-month sentence and conviction following a guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). Bellamy's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he could identify no meritorious issues for appeal, but questioning: (1) whether the district court fully complied with Fed. R. Crim. P. 11 in accepting Bellamy's guilty plea; and (2) whether the district court erred in sentencing Bellamy as an armed career criminal, as his prior felony drug convictions were neither pled in the indictment nor proven to a jury beyond a reasonable doubt. Bellamy was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a responsive brief. We affirm the district court's judgment.

We first address Bellamy's challenge to his conviction. Federal Rule of Criminal Procedure 11 requires a trial court, prior to accepting a guilty plea, to conduct a plea colloquy in which the court informs the defendant of, and determines that the defendant comprehends, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. United States v.

2

<u>DeFusco</u>, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2).

Because Bellamy did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993). To establish that a Rule 11 error has affected a defendant's substantial rights, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 83 (2004). After reviewing the transcript of the plea colloquy, we conclude that the district court fully complied with Rule 11 in accepting Bellamy's guilty plea.

We now turn to Bellamy's challenge to his sentence. Whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act is a question of statutory interpretation that we review de novo. <u>United States v. Harcum</u>, 587 F.3d 219, 222 (4th Cir. 2009). Although counsel for Bellamy asserts that the district court erroneously sentenced Bellamy as

3

an armed career criminal because the Government failed to prove his prior felony drug convictions beyond a reasonable doubt, this argument is foreclosed by binding Supreme Court and Fourth Circuit precedent. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added). Moreover, we have consistently found that "the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005). Accordingly, the district court did not err in sentencing Bellamy as an armed career criminal.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm the district court's judgment. This Court requires that counsel inform Bellamy, in writing, of his right to petition the Supreme Court of the United States for further review. If Bellamy requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this Court for leave to withdraw from representation. Counsel's

4

motion must state that a copy thereof was served on Bellamy.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED